UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
ARLENE J. VAGTS,                                           :
                                                           :
                          Plaintiff,                       :                **SUMMARY ORDER**
                                                           :                11-cv-0043 (DLI)
                                                           :
              -against-                                    :
                                                           :
MICHAEL J. ASTRUE,                                         :
Commissioner of Social Security,                           :
                                                           :
                          Defendant.                       :
                                                           :
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Barry Simon ("Mr. Simon"), counsel to Plaintiff Arlene J. Vagts ("Plaintiff") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $9,981.00. (*See generally* Pl.'s Mem. in Supp. of § 406(b) Mot. ("Mem."), Dkt. Entry No. 16.) The Commissioner of Social Security ("Commissioner") does not object to the motion. (*See* Dkt. Entry No. 18.) For the reasons set forth below, counsel is awarded $9,981.00 in attorney's fees, less a setoff of $1,575.00 for amounts previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for a net award of $8,406.00.

## BACKGROUND

Pursuant to a retainer agreement dated February 19, 2009, Plaintiff retained counsel to represent her in her pursuit of disability income benefits and/or Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"). (*See* Mem., Ex. 5.) On January 5, 2011, with the assistance of counsel, Plaintiff commenced this action to challenge a final decision of the Commissioner, which affirmed a June 17, 2009 decision of the Administrative Law Judge ("ALJ"). (*See* Compl. ¶¶ 5-7, Dkt. Entry No. 1.) That partially favorable decision

ruled that Plaintiff was not disabled through June 30, 2006, but was entitled to SSI benefits beginning as of September 18, 2007.  (*See Id.* ¶ 7.)  On June 3, 2011, this Court approved and "So Ordered" a written stipulation between counsel and the Commissioner, which reversed the unfavorable portion of the ALJ's decision and remanded the matter for further proceedings.  *See* Order of this Court, dated June 3, 2011.  By separate stipulation, also "So Ordered" by this Court, the parties agreed to an award of $1,575.00 in attorney's fees under the EAJA.  (*See* Dkt. Entry No. 14.)

Proceedings before the ALJ resumed in Alabama, where Plaintiff had relocated, but were dismissed at counsel's request so that Plaintiff could seek to join the *Padro et al. v. Colvin* class action lawsuit against the Commissioner pending in this district.  (*See* Mem. at 3.)  Following a settlement agreement in that lawsuit, Plaintiff secured a new hearing before the ALJ in Pennsylvania, where she recently had moved.  (*See Id.* at 4.)  Plaintiff requested that counsel represent her in connection with that hearing, and, on May 19, 2014, executed a fee agreement providing that counsel was entitled to "the greater of 25% of the retrospective benefits . . . or $6,000."  (*See* Mem., Ex. 5) (emphasis in original.)

The hearing resulted in a fully favorable decision issued by the ALJ on October 24, 2014.  (*See* Mem. at 4.)  The Commissioner withheld $21,981.00, or 25% of the past-due benefits payable to Plaintiff, for potential attorney's fees.  (*See* Affirmation of Barry Simon ("Simon Aff.") ¶ 11, Dkt. Entry No. 15.)  Subsequently, the Commissioner awarded counsel $12,000 in fees for services provided to Plaintiff, exclusive of services rendered before this Court.  (*See Id.* ¶ 11 with Ex. 2.)  Counsel now moves this Court to authorize attorney's fees in the amount of $9,981, representing the remainder of the withheld funds (before applying a setoff for EAJA fees previously received).

**DISCUSSION**

Pursuant to 42 U.S.C. § 406(b) of the Act ("§ 406(b)"), a district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Where, as here, there is a contingent fee arrangement in place, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Factors a courts should consider in determining whether a fee is unreasonable include: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells,* 907 F.2d at 372).

Here, the Court begins its reasonableness analysis with the fee agreement itself, a straightforward one-page document, executed prior to Plaintiff's hearing before the ALJ in Pennsylvania, which provided that counsel would be entitled to a fee of 25% of the retrospective benefits payable to Plaintiff. On its face, the agreement is not unreasonable, as the 25% fee it entails is a standard contingent fee in Social Security cases. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 803 (2002) ("Characteristically . . . attorneys and clients enter into contingent-fee arrangements specifying that the fee will be 25 percent of any past-due benefits . . .") (internal quotation marks and citation omitted). Nor is there any indication that the agreement is the product of fraud or overreaching. In fact, subsequent to the execution of the agreement, Plaintiff twice reaffirmed that she supports counsel's request for a 25% fee award. *See* Mem. at 7 with

Ex. 4.) Accordingly, the Court finds that the agreement is not unreasonable, and should be enforced unless it would result in a windfall to counsel.

A fee award pursuant to § 406(b) must be based on work performed before the federal courts. *See Kazanjian*, 2011 WL 2847439, at *2. Here, the records submitted by counsel show that he performed 11.3 hours of work before this Court on behalf of Plaintiff. (*See* Mem. at Ex. 3.) Plaintiff requests a fee award of $9,981.00, less the $1,575 in EAJA fees already received, resulting in a net award of $8,406.00. *See Gisbrecht*, 535 U.S. at 796 ("[A]n EAJA award offsets an award under Section 406(b) . . .") (citation omitted). Although that amount appears considerable relative to the amount of work performed, calculating to an hourly rate of approximately $743.89, the Court finds that it is not unreasonable under the particular circumstances of this case. That rate is comparable to, or below, what other courts in this Circuit have found to be "reasonable" under § 406(b), and would not constitute a windfall when viewed against the excellent result obtained by counsel, and the risk of loss he assumed in taking Plaintiff's case on a contingency basis. *See Genovese v. Colvin*, 2015 WL 4662505, at *2 (E.D.N.Y. Aug. 6, 2015) (approving award equivalent to hourly fee of $696.36); *See Kazanjian*, 2011 WL 2847439, at *2 (approving award equivalent to hourly fee of $2,100.00, where counsel displayed extreme efficiency in performing extensive high quality work in minimal time); *Trupia v. Astrue*, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008) (approving award equivalent to hourly fee of $714.09); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (approving award equivalent to hourly fee of $705.00). Accordingly, counsel's unopposed motion is granted.

## CONCLUSION

For the foregoing reasons, plaintiff's counsel's unopposed motion is granted, and attorney's fees are awarded in the amount of $8,406.00 pursuant to 42 U.S.C. § 406(b).

SO ORDERED.

Dated: Brooklyn, New York
October 23, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge